FILED by [signature] D.C.
SEP - 7 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 04-21392-CIV-GRAHAM

RAFAEL FERNANDEZ,

Plaintiff,

vs.

SILVERSTONE INVESTMENTS, INC.
JUAN C. MARTINEZ and
ELENA FRAGA,

Defendants.
_______________________________/

**ORDER**

**THIS CAUSE** comes before the Court upon defendants' Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction (D.E. 89); Plaintiff's Motion for Summary Judgment (D.E. 95); Defendant's Motion for Oral Argument (D.E. 98); and Plaintiff's Motion to Strike Memorandum on Subject Matter Jurisdiction (D.E. 100).

**THE COURT** has considered the Motions, the pertinent portions of the record, and is otherwise duly advised in the premises.

This is an action to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"). In his amended complaint, plaintiff, Rafael Fernandez, alleges that he was employed by defendant, Silverstone Investment, as a security guard from April 12, 1999 through February 20, 2004. Silverstone is a Florida corporation which owns and operates an apartment rental building in Miami Beach, Florida.

104
D

Ferndandez alleges that his responsibilities as a security guard included guarding the Silverstone building, as well as a retail clothing store known as "Vertigo" and a hotel located inside the Silverstone building. Fernandez alleges further that during the entire period of his employment, he worked in excess of forty hours per week without receiving overtime compensation in violation of the FLSA.

This matter was set for trial for the two-week period beginning on June 13, 2005. During the call of the calendar held on June 8, 2005, the defendants informed the Court for the first time that the Court lacked subject matter jurisdiction over the action because Ferndandez was neither engaged in commerce nor in the production of goods for commerce for purposes of the FLSA. Defendants also disputed the existence of an "enterprise" for purposes of FLSA jurisdiction. Fernandez's counsel acknowledged that he had not conducted the discovery necessary to meet his burden of establishing jurisdiction, but insisted that the Court possessed FLSA jurisdiction. Rather than proceeding to trial, the Court instructed the parties to file supplemental briefings on the issue of the Court's jurisdiction. The Court also authorized additional discovery on the issue of jurisdiction even though the parties had disregarded this Court's Scheduling Order setting a discovery cut-off date of March 14, 2005.

Upon completion of the additional discovery, defendants filed

a supplemental memorandum of law to support their Motion to Dismiss for Lack of Subject Matter Jurisdiction. Defendant Juan C. Martinez, who is the owner of Siverstone, submitted an affidavit stating the following regarding the Court's jurisdiction:

* * *

> 5. Silverstone owned and operated a small apartment rental building (Silverstone Building) in Miami Beach, Florida.
>
> 6. Silverstone never produced or sold any goods or materials for commerce.
>
> 7. Silverstone's annual gross volume of sales did not exceed Five Hundred Thousand Dollars ($500,000).
>
> 8. On April 12, 1999, Silverstone hired the Plaintiff as an exterior security guard for the Silverstone building.
>
> * * *
>
> 14. Plaintiff's sole responsibility was to guard the exterior perimeter of the Siverstone building at night.
>
> 15. During his work hours, Plaintiff sat outside the Silverstone building in front of an Express retail clothing store, which was not part of the Silverstone building.
>
> 16. Plaintiff was never granted access to the Silverstone building's security alarm code and was only granted very limited access to the interior of the Silverstone building to use the restroom.
>
> 17. Plaintiff did not handle, sell, or work on any goods or materials that moved in or were produced in commerce.
>
> 18. Plaintiff's work was not essential to the maintenance of the business of Silverstone.

Martinez's Declaration, at ¶¶ 5-8,14-18.

In addition, defendants filed the deposition of Fernandez. Among other things, Fernandez testified that he worked for Silverstone as a night-time security guard. He testified that his responsibilities as a guard included "taking care of" the clothing store "Vertigo" and a hotel, both of which are located inside the Silverstone building. He testified that he carried a firearm to secure the building, and that he watched over the building by sitting outside and by walking around the building.

The clothing store was owned and managed by the individual defendants. The clothing merchandise for the store came from New York, the Far East, Europe, Las Vegas and Los Angeles. In addition to the clothing store, defendants owned the ten-room hotel located inside the Silverstone building. The hotel was frequented by transient guests who arrived from South America, Germany, Washington D.C., New York and other states.

During his deposition, Martinez testified that Fernandez's job duty was "Just to keep an eye on the building, on the perimeter of the building." Martinez Dep. at p. 7. According to Martinez, he instructed Fernandez to walk around the building "and make sure that the building itself was secure from people breaking windows or -- basically, keep an eye on the building." Id. at p. 8. Martinez asserts that although Fernandez was responsible for watching over the building, and even though "Vertigo" was located inside the building, he "was not in charge of patrolling Vertigo."

Id. at p. 21.

Upon consideration of the pleadings and the competent evidence before the Court, the Court concluded that enterprise coverage is inapplicable to this case, but FLSA jurisdiction can be exerted because Fernandez was engaged in commerce or in the production of goods for commerce.[1]

## II. STANDARD

A court must enter summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of meeting this exacting standard. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157(1970). In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

---

[1] In evaluating the evidence for summary judgment purposes, the Court may rely only on those statements of fact that are supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court. See S.D.Fla. Gen.R. 7.5(C)(2). Thus, in reaching its ruling, the Court is not relying on the unsupported factual statements or the unverified documents of the parties.

## III. DISCUSSION

The FLSA overtime compensation requirements apply to any employee "who in any workweek is engaged in commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1). A plaintiff therefore can meet the FLSA's jurisdictional requirements if he can show that he was "engaged in production of goods for commerce," "engaged in commerce" while employed for the defendant or otherwise was employed in an enterprise engaged in commerce or in the production of goods for commerce. See 29 U.S.C. § 207(a)(1); Johnston v. Spacephone Corp., 706 F.2d 1178, 1180 (11th Cir. 1983).

### (a) Individual Coverage

In determining whether an employee is engaged in commerce, federal courts must focus on the employee's activities, rather than the general nature of his employer's business. See Spacefone, 706 F.2d at 1180. Courts must determine whether the employee's work is so closely related to the movement of commerce that it may be deemed, for practical purposes, part of it, rather than merely an isolated local activity. See Marshall v. Victoria Transp. Co. Inc., 603 F.2d 1122, 1123 (5th Cir. 1979).[2] Generally speaking, "any regular contact with commerce, even if it is small, will result in [FLSA] coverage." Id.

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981. See Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

Early federal cases have held that the act of watching over premises containing goods that either traveled or are bound to travel through interstate commerce satisfies the "in commerce" requirement of the FLSA. In Russel Co. v. McComb, 187 F.2d 524 (5th Cir. 1951), for example, the Court held that a night watchman was engaged in "commerce" and in "production of goods for commerce" within the meaning of the FLSA because the evidence in that case revealed that the watchman guarded the entire premises and property of a wholesale grocery company, including the loading platform, the interstate shipments loaded in freight cars and trucks, as well as a warehouse building in which a percentage of coffee and rice was prepared for interstate shipment. These activities, the Court concluded, were sufficient to bring the watchman within coverage of the FLSA. Id. at 525. The Court rejected the argument that FLSA was inapplicable merely because none of the interstate shipments were made at night while watchman was on duty. Id.; see also Mitchel v. Central Produce Co., 239 F.2d 377, 377-78 (holding that night watchman came within the coverage of the FLSA where he was the only employee on duty during the night shift and was employed primarily to be on the look out for fires in the employer's building).

In this case, it is undisputed that Fernandez was the only watchman on duty who was in charge of protecting the Silverstone building. The clothing store was located inside the building. The

merchandise contained in the store crossed interstate lines either after or before placement inside the store. Moreover, it is undisputed that inside the Silverstone building was a hotel. Numerous customers checked into the hotel on a daily and weekly basis and a number of those customers crossed interstate lines either before or after their stay at the hotel. Fernandez, during the regular course of his employment, watched over the building to protect against vandalism, the breakage of windows or unauthorized entry. By protecting the building, Fernandez necessarily protected the items inside the building, including the merchandise in the clothing store. He also necessarily protected the customers inside the hotel by preventing the breakage of the windows in their rooms and the unauthorized entry of unwanted visitors during the night. Looking at the character of Fernandez's activities, the Court concludes that his duties as a watchman of the Silverstone building are closely connected with interstate commerce so as to bring him within the coverage of the FLSA.

**(b) Enterprise Coverage**

A covered enterprise is one that (1) has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) is an enterprise whose annual volume of sales made or business done is not less than $500,000. See 29 U.S.C.

§203(a)(1)(A)(i-ii). The finding of an enterprise requires the existence of: (1) related activities; (2) unified operation or common control; and (3) a common business purpose. See Donovan v. Easton Land & Dev., 723 F.2d 1549, 1551 (11th Cir. 1984). "All three elements must be present for an 'enterprise' to exist." Id. (quoting Dunlop v. Ashy, 55 F.2d 1228, 1231 (5th Cir. 1977).

Fernandez argues that defendants are in fact an "enterprise" because Martinez and Fraga managed the hotel and the clothing store through one common location in Miami, Florida. Other than commonality in management, however, there is no evidence that the clothing store and the hotel shared a corporate structure with Fernandez's employer, Silverstone Investment, or were otherwise engaged in related activities for a common business purpose. Moreover, despite the additional discovery period authorized by the Court, Fernandez has failed to present competent evidence demonstrating that Silverstone's annual gross profit of sales for the period in question reached $500,000. Accordingly, the Court cannot conclude that enterprise coverage applies in this case.

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that defendants' Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction (D.E. 89) is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary

Judgment (D.E. 95) is **GRANTED** as to individual FLSA coverage, but the Motion is **DENIED** as to enterprise FLSA coverage. It is further,

**ORDERED AND ADJUDGED** that defendant's Motion for Oral Argument (D.E. 98) is **DENIED** as moot. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Memorandum on Subject Matter Jurisdiction (D.E. 100) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of September, 2005.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record